UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

JAMES JOHNSON
                           Plaintiff

vs.
                                                Civil Action No.:
                                                3:02 CV 2065 (CFD)

SOUTHERN CONNECTICUT STATE
UNIVERSITY AND BRIDGEPORT
HOSPITAL SCHOOL OF NURSE
ANESTHESIA
                        Defendant                       NOVEMBER 26, 2003
_____

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANT, BRIDGEPORT HOSPITAL NURSE
<u>ANESTHESIA PROGRAM'S MOTION TO DISMISS</u>**

      Defendant Bridgeport Hospital School of Nurse Anesthesia also known as Bridgeport Hospital Nurse Anesthesia Program ("Defendant" or the "Program") submits this Reply Memorandum of Law in Further Support of its Motion to Dismiss the entire Complaint pursuant to Fed. R. Civ. P. 12(b)(5) due the insufficient service of process or, in the alternative, dismissal of the Second Count of the Complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).

**Preliminary Statement**[1]

On October 30, 2003, Plaintiff, James Johnson ("Plaintiff") submitted his Opposition Papers more than five months after the Program submitted its Motion to Dismiss to the Court on May 27, 2003. After delaying this action with tardy opposition papers, Plaintiff now seeks to further delay this action by inappropriately requesting this Court quash service and grant Plaintiff the opportunity to re-serve the Program. Plaintiff's request to quash service is now before this court over a year after Plaintiff initially insufficiently served the Program.

Moreover, because the Program is not federally funded and, because the Plaintiff is not an employee, Section 504 of the Rehabilitation Act, 29 U.S.C. §794 (the "Rehabilitation Act") is inapplicable to the Second Count of the Complaint and the Court should dismiss this action for lack of subject matter jurisdiction.[2]

**Argument**

I. **THIS ACTION MUST BE DISMISSED BECAUSE SERVICE IS INSUFFICIENT**

After submitting his opposition papers *more than five months* after the Program filed its

---

[1] The facts of the case are set forth in the Program's initial motion papers submitted May 27, 2003, and are incorporated by reference herein.

Motion to Dismiss, Plaintiff now seeks to correct his improper service *almost a year after* his failed attempt to initially serve the Program.  It is well settled that pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure dismissal is generally proper where service of process does not comply with Rule 4 of the Federal Rules of Civil Procedure.  <u>Cole v. Travelers Ins. Co.</u>, 2000 WL 502689 *1-2 (D. Conn. 2000)(granting Fed. R. Civ. P. Rule 12(b)(5) motion to dismiss for failure to properly serve corporation in accordance with Rule 4(h) of the Federal Rules of Civil Procedure)(citing, <u>American Tel. & Tel. Co. v. Merry</u>, 592 F.2d 118, 126 (2d Cir. 1979)(dismissing case due to failure to properly serve defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure)).[3]

    Plaintiff concedes that he failed to properly serve the Program as a voluntary unincorporated association in accordance with Rule 4(h)(1) of the Federal Rules of Civil Procedure.  <u>See</u>, Plaintiff's Opposition Papers at page 10.  After glossing over his failure to properly serve the Program, Plaintiff attempts in his opposition papers to distract the Court with a line of inapposite case law to support his proposition that service may now be quashed.  In

---

[2] As more fully explained in the Program's May 27, 2003 Motion to Dismiss, because subject matter jurisdiction is absent from the only federal question posed in the Complaint located in the second count of the Complaint, this Court should decline from exercising supplemental jurisdiction over the First, Second, Third, Fifth, Sixth and Seventh counts of the Complaint.  Hence, throughout this Reply Memorandum where the Program bolsters its argument in favor of dismissing the second count based upon lack of subject matter jurisdiction, the Program is equally strengthening its argument in favor of dismissing the remaining counts alleged against the Program because they lack a basis for supplemental jurisdiction.

[3] Copies of unreported cases are annexed hereto as Exhibit A.

support his fatal request to quash service, Plaintiff cites to case law where the participating litigants maintained "good cause" for failing to serve the opposing parties; the litigants were either acting *pro se* or were serving foreign parties.  See, e.g., Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986)(allowing litigant to rely on untimely service of process where litigant exhibited good cause for failing to properly serve process because he was acting *pro se*); Cole v. Aetna Life & Cas., 70 F. Supp.2d 106,111 (D. Conn. 1999)((holding "court is reluctant to dismiss action [for insufficient service] because of [litigant's] *pro se* status, and because it appears because proper service may be effectuated"); Umbenhauer v. Woog, 969 F.2d 25, 31 (3d. Cir. 1992)(service upon Swiss citizen); Hickory Travel Sys., Inc., 213 F.R.D. 547 (N.D. Cal. 2003) (service upon German Corporation); Brand v. Mazda Motor of America, Inc., 920 F. Supp. 1169 (D. Kansas 1996)(service upon Japanese Corporation). [4]

      The Plaintiff does not provide any rationale though, much less good cause, as to why he failed to properly serve the Program.  Therefore, this action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

---

[4] Plaintiff additionally misconstrues the holding in Lyons v. Jones, 168 F. Supp. 2d 1 (D. Conn. 2001). In Lyons, the District of Connecticut *dismissed* all of the claims brought against defendants who were improperly served. Id. at

**II.   DISMISSAL OF THE SECOND COUNT IS PROPER BECAUSE SUBJECT MATTER JURISDICTION IS LACKING**

The Rehabilitation Act is inapplicable to the case at bar because: (i) the Program is not federally funded or a part of a federally funded institution, and (ii) the Plaintiff is not an employee of the Program. Therefore, subject matter jurisdiction is lacking from the Second Count of the Complaint. Hence, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure dismissal is proper.

> A.   *Dismissal is proper because the Program is not federally funded nor is it a part of a federally funded institution, thus the Rehabilitation Act is inapplicable.*

Because the Program is not federally funded, nor is it a part of a federally funded institution, the Program does not fall within the parameters of the Rehabilitation Act, thus subject matter jurisdiction is lacking and dismissal of the Second Count of the Complaint is appropriate. The Rehabilitation Act provides "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Although plaintiff cites to caselaw which stands for the proposition that programs that are not recipients of federal funding may be covered by the

Rehabilitation Act if they are within the same institution as programs that do receive federal funding, this situation is inapposite from the one at bar.  See, Leake v. Long Island Jewish Med. Ctr., 869 F. 2d 130, 131 (2d Cir. 1989).

The Program does not receive any federal financial assistance.  Moreover, the Program is not within the same institution as those programs that do receive federal funding. Cf. Leake, 869 F.2d at 131.  Instead, the Program is a voluntary unincorporated association; it is an independently run two-year scholastic program, which offers a Masters of Science in biology from the Southern Connecticut State University and a Certificate in Nurse Anesthesia from Bridgeport Hospital.  Although it operates out of Bridgeport Hospital and offers the opportunity to obtain a Masters from Southern Connecticut State University, and employs clinical faculty that includes physicians and Certified Registered Nurse Anesthetists employed by Bridgeport Anesthesia Associates, P.C., the Program is separate from these entities.

Therefore, because the Program does not receive federal funding, nor is the Program a part of an institution that does receive federal funding, the Rehabilitation Act is inapplicable. Hence, subject matter jurisdiction is absent from the Second Count of the Complaint and dismissal is proper.

B.   *Subject matter jurisdiction is absent in the second count of the Complaint because Johnson is not an employee under Section 504 of the Rehabilitation Act*

In his opposition papers, Plaintiff concedes that Plaintiff is not an employee under the Rehabilitation Act, rendering subject matter jurisdiction non-existent in the Second Count of the Complaint.  Citing to the Second Circuit decisions York v. Ass'n of the Bar of the City of New York, and O'Connor v. Davis, Plaintiff aptly highlights that " *'financial benefit' is essential* to the existence of an employer-employee relationship. See, Plaintiff's Opposition Papers at page 8 (quoting, York v. Ass'n of the Bar of the City of New York, 286 F.3d 122, 125-26 (2d. Cir. 2002)(holding plaintiff *not an employee* for purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ('Title VII') liability because benefits plaintiff received were not 'sufficiently substantial to meet the remuneration test') (emphasis added);  see also, O'Connor v. Davis, 126 F.3d 112, 115-16 (2d Cir. 1997)(same).

Plaintiff continues in his opposition papers to emphasize that '[a]n employer who does not receive compensation might still be considered an 'employee' if she receives other financial benefits which meet '*a minimum level of significance of substantiality*'." See, Plaintiff's Opposition Papers at page 8 (quoting, York v, 286 F.3d at 125-26 (2d. Cir. 2002) (emphasis added)); see also, O'Connor, 126 F.3d at 115-16. Although the Second Circuit has noted that where an individual does not receive any salary at all he may still be considered an employee

7

under the Rehabilitation Act, the Court is quick to note that the individual must receive "numerous job-related benefits." Pietras v. Bd. of Fire Comm'r of the Farmingville Fire Dist., 180 F.3d 468, 473 (2d. Cir. 1999)(holding question of fact exists as to whether volunteer fire person is a employee pursuant to Title VII where he receives state law benefits).

In contrast to Pietras, where twenty sections of New York State statutory law are dedicated to reciting the job-related benefits of a volunteer firefighter, here, Plaintiff simply lists an insurance policy, an annual cash payment of $250, a COBRA notice as well as loan forgiveness. See, e.g., N.Y. McKinney's Volunteer Firefighters' Benefit Law §§5-25. The four factors Plaintiff lists hardly rise to the level of "sufficiently substantial benefits" or "numerous job-related benefits" the Second Circuit deems necessary to satisfy the finding that the Plaintiff received remuneration and thus was an employee under the Rehabilitation Act.

Therefore, because cannot demonstrate any set of facts to support his claim that he is in employee under the Rehabilitation Act, and is thus entitled to relief under the Rehabilitation Act, subject matter jurisdiction is lacking in the Second Count of the Complaint. Hence, dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(1).

**Conclusion**

Plaintiff's failure to proffer any valid objection to the Program's position that the insufficient service of process is fatal to the Plaintiff's Complaint in its entirety. Moreover, Plaintiff's inability to present any legally cognizable theory to the contrary simply reinforces the Program's request to dismiss the Second Count of the Complaint based upon the absence of subject matter jurisdiction.

                                        THE DEFENDANT

                                        By:_____
                                            Stuart M. Katz, Esq.
                                            Federal Bar No. ct 12088
                                            Cohen and Wolf, P.C.
                                            1115 Broad Street
                                            Bridgeport, CT 06604
                                            (203) 368-0211
                                            (203) 394-9901 fax
                                            skatz@cohenandwolf.com

## **CERTIFICATION**

       This is to certify that a copy of the foregoing was mailed postage prepaid this 26th day of November, 2003 to:

Tanya Wolanic, Esq.
Klebanoff & Phelan, P.C.
433 South Main Street
Suite 117
West Hartford, CT 06110

Edward Osswalt, Esq.
Office of the Attorney General
P.O. Box 120, 4th Floor
55 Elm Street
Hartford, CT 06141-0120

                                                                   _____
                                                                   Stuart M. Katz