2000 WL 502689                                                                                                                                Page 1
**(Cite as: 2000 WL 502689 (D.Conn.))**

Only the Westlaw citation is currently available.

United States District Court, D. Connecticut.

Richard A. COLE, M.D.,
v.
TRAVELERS INSURANCE CO. et al.

**No. 3:98CV2480 CFD.**

March 15, 2000.

RULING ON MOTIONS TO DISMISS

DRONEY.

***1** The plaintiff, Dr. Richard A. Cole, filed this *pro se* action against the defendants Travelers Insurance Company ("Travelers") and seven employee benefit plans insured or administered by Travelers, on December 21, 1998. The plaintiff brought this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132, claiming that the defendants failed to pay him for medical services that he rendered to plan beneficiaries. He also claims that the defendants' actions violated Connecticut common law.

Defendant Travelers filed a motion to dismiss the plaintiff's amended complaint [Document # 10] on April 16, 1999. Defendants "Erie Insurance Group Employee Benefit Plan" and "New York Telephone Employee Benefit Plan" also filed motions to dismiss the amended complaint [Documents 22, 24] on May 14, 1999. Finally, defendant PNC Bank N.A. filed a motion to dismiss the amended complaint [Document # 36] on July 20, 1999. [FN1] These four defendants are the only ones who have appeared in this case.

> FN1. PNC Bank N.A. was substituted as a defendant in place of First National Bank of Pennsylvania Employee Benefit Plan on July 19, 1999 [Document # 34].

As an initial matter, in light of the stipulated dismissal of this action as to PNC Bank N.A. [Document # 43] filed on November 8, 1999, the motion to dismiss filed by PNC Bank N.A. [Document # 36] is DENIED AS MOOT.

The remaining motions to **dismiss** are GRANTED on the ground that the plaintiff has failed to effect **service** of process as required by Fed.R.Civ.P. 4(h)(1). In determining whether to **dismiss** a case for lack of sufficient **service**, the Court must construe Rule 4 liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice and will not be prejudiced by a continuance of the action. *See Romandette v. Weetabix Co., Inc.,* 807 F.2d 309, 311 (2d Cir.1986); *see also Tajeddini v. Gluch,* 942 F.Sup. 772, 778 (D.Conn.1996). However, despite the liberal construction of Rule 4 and the latitude to be given to *pro se* plaintiffs, noncompliance with Rule 4 generally warrants **dismissal**. *See McGann v. New York,* 77 F.3d 672, 674 (2d Cir.1996); *Grammenos v. Lemos,* 457 F.2d 1067, 1070 (2d Cir.1972).

Pursuant to Rule 4, service on a corporation must be made by delivering copies of the summons and the complaint to an officer, managing or general agent of the corporation, or to any other agent authorized by law to receive service of process on behalf of the corporation. Alternatively, a plaintiff may serve the documents in a manner prescribed by state law. See Fed.R.Civ.P. 4(h)(1).

The defendants in this case argue that the plaintiff did not serve them properly under Rule 4(h)(1) or Conn.Gen.Stat. § 52-57(c), which sets forth Connecticut's service of process requirements for corporations. They specifically claim that the plaintiff failed to effectuate service personally on officers or agents of the defendants, as required by Rule 4(h)(1) and Conn.Gen.Stat. § 52-57(c); nor did the plaintiff request waivers of service pursuant to Rule 4(d)(2). The plaintiff responds that he properly served the defendants by sending copies of the summons and complaint to them via certified mail with return receipt requested. He contends that service was proper in that an agent of each corporation signed a return receipt card acknowledging delivery of the summons and complaint.

**\*2** Notwithstanding his attempt to serve the defendants via certified mail, the plaintiff's failure to serve the defendants' officers or agents personally, or to include waiver of service forms with the copies of the summons and complaint that he mailed to the defendants, was fatal to the plaintiff's attempted service pursuant to Rule 4(h). *See Durrett v. Leading Edge Prods., Inc.,* 965 F.Sup. 280, 287 (D.Conn.1997) (requiring personal service of a corporation under Rule 4(h)); *Jade Aircraft Sales, Inc. v. Crystal,* 637 A.2d 415, 10 CONN.L.RPTR. 512 (Conn.Super.Ct.1994) (indicating that "[s]ervice

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

2000 WL 502689  Page 2
**(Cite as: 2000 WL 502689 (D.Conn.))**

by mail is not authorized" under Connecticut law); *Thier v. Boston Chicken, Inc.,* No. CV 960154053, 1997 WL 94062, at *3 (Conn.Super.Ct.1997) (same); *see also* Daley v. Alia, 105 F.R.D. 87, 89 (E.D.N.Y.1985) (requiring personal service under earlier provisions of Rule 4(d)(3), which were incorporated into Rule 4(h) by the 1993 Amendments to the Federal Rules. See Fed.R.Civ.P. 4 advisory committee notes); *Martin v. New York State Dep't of Mental Health,* 588 F.2d 371, 373 (2d Cir.1978) (per curiam) (same); *cf.* Cole v. Aetna Life & Cas., 70 F.Sup.2d 106, 110-11 (D.Conn.1999) (acknowledging improper service by mail and indicating "waiver of service is ordinarily required"). Consequently, because service of process was improper under Rule 4, the Court lacks personal jurisdiction over the defendants in this case. *See* American Tel. & Tel. Co. v. Merry, 592 F.2d 118, 126 (2d Cir.1979). In addition, although the Court is mindful of the plaintiff's *pro se* status and the resulting need for flexibility in the application of the Federal Rules, this case does not compel the same outcome as the result in *Cole,* 70 F.Sup.2d at 110-11 (involving the same plaintiff and similar claims as the instant case). In *Cole,* the plaintiff failed to effect service of process properly under Rule 4(h). *See id.* However, the court in that case determined, in part, that because of the plaintiff's *pro se* status, because some of the recipients of service indicated that they were the appropriate individuals to receive service, and because those defendants were properly named, the case was not dismissed. *See id.* By contrast, the plaintiff in the instant case failed to effect service properly under Rule 4 *and* apparently failed to name proper defendants. Specifically, the plaintiff attempted to sue "Erie Insurance Group Employee Benefit Plan" and "New York Telephone Employee Benefit Plan," which, according to the motions to dismiss, do not exist in that form or name. The Court further notes that four of the defendants in this case have failed to appear, presumably because they were never served properly.

This case is therefore DISMISSED without prejudice to the plaintiff refiling this action within sixty days of the date of this ruling, *see* Fed.R.Civ.P. 4(m) (permitting dismissal without prejudice), with service of process to be made personally on the defendants or by mail with requests for waivers of service pursuant to Rule 4, or in accordance with state law. On the refiling on this action, the defendants also may refile their motions to dismiss by providing notice to the Court of their intentions to reactivate their motions to dismiss. Accordingly, the defendants' motions for extension of time [Documents 33, 40] are DENIED AS MOOT.

**\*3** SO ORDERED this 14th day of March 2000, at Hartford, Connecticut.

2000 WL 502689, 2000 WL 502689 (D.Conn.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works