<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF CONNECTICUT</u>

FILED

2003 DEC 19  A 7:40

US DISTRICT COURT
HARTFORD, CT.

------------------------------------------------------- X
JAMES JOHNSON,                           :   CIVIL ACTION NO.
                                         :   3:02CV2065 (CFD)
                     Plaintiff,          :
                                         :
v.                                       :
                                         :
SOUTHERN CONNECTICUT STATE               :
UNIVERSITY AND BRIDGEPORT                :
HOSPITAL SCHOOL OF NURSE                 :   DECEMBER 17, 2003
ANESTHESIA,                              :
                                         :
                     Defendant.          :
------------------------------------------------------- X

### FORM 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:        November 21, 2002

Date Complaint Served:       December 9, 2002

> Defendant Bridgeport Hospital School of Nurse Anesthesia ("BHSNA") disputes that it has been properly served with the Complaint.

Date of Southern Connecticut State University's ("SCSU") Appearance: April 7, 2003

Date of Bridgeport Hospital School of Anesthesia's Appearance: May 8, 2003

**I.    CERTIFICATION**

The undersigned counsel certify that, after consultation with their clients; they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.   JURISDICTION**

   **A.   <u>Subject Matter Jurisdiction</u>**

Jurisdiction is conferred upon this court because this action raises a federal question under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§12131-34("ADA") and

1

Section 504 of the Federal Rehabilitation Act of 1973, as amended, 29 U.S.C. §794 ("Section 504"). The court has pendant jurisdiction over the plaintiff's state law claims.

BHSNA disputes that this Court has subject matter jurisdiction over the plaintiff's claims against it and has filed a Motion to Dismiss on this basis.

SCSU has filed a motion to dismiss (Dkt. No. 7) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(5) directed to the First, Fourth, Fifth, Sixth and Seventh Counts of the Complaint and to the Second Count to the extent set forth in its motion.

**B.    Personal Jurisdiction**

The Court has personal jurisdiction over the parties. The parties all reside in Connecticut and the unlawful discriminatory practices took place in Connecticut.

## III.   BRIEF DESCRIPTION OF CASE

**A.    Claims of the Plaintiff**

The plaintiff, James Johnson, was previously a student in the defendants' Southern Connecticut State University and Bridgeport Hospital School of Nurse Anesthesia Program. Mr. Johnson suffers from a mental disorder and a mental disability. The plaintiff alleges the defendants unlawfully discriminated against him on the basis of his disability and refused to accommodate his disability.

The defendants' actions violated Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§12131-34("ADA"), Section 504 of the Federal Rehabilitation Act of 1973, as amended, 29 U.S.C. §794 ("Section 504"), Conn. Gen. Stat. §§ 46a-60(a)(1) et seq. and Conn. Gen. Stat. §17a-549. The plaintiff also alleges the common law claims of negligent misrepresentation, breach of contract, and promissory estoppel.

**B.    Defenses and Claims**

**1.    Southern Connecticut State University**

Plaintiff was admitted to the joint program operated by SCSU and BHSNA in 1999. Plaintiff successfully completed the academic portion of the program and was awarded a MS

2

degree in Biology from SCSU on May 25, 2001. Plaintiff did not complete the clinical portion of the program administered by BHSNA. SCSU never became aware until after plaintiff's dismissal from the clinical portion of the program that plaintiff asserted he had a mental disability or impairment. Further, even assuming SCSU was aware of plaintiff's disability and an accommodation was possible, to accommodate plaintiff under the Rehab. Act, liability is limited as to SCSU.

### 2.     Bridgeport Hospital School of Nurse Anesthesia

BHSNA operates a full-time integrated two year program (the "Program") offering a Master of Science in Biology from the Southern Connecticut State University and a Certificate in Nurse Anesthesia from Bridgeport Hospital. The Program's clinical faculty includes physicians and Certified Registered Nurse Anesthetists employed by Bridgeport Anesthesia Associates, P.C. The Program exists solely for the non-profit purpose of offering the degree and certificate described above.

The Plaintiff enrolled in the Program in May, 1999 and was dismissed from the Program, in accordance with its published procedures, in December, 2001. Following his dismissal from the Program, the Plaintiff availed himself of the Program's Due Process Hearing procedure, after which his dismissal was upheld. He then brought a claim to the Connecticut Commission on Human Rights and Opportunities, where he was unsuccessful as well. The Plaintiff has now commenced the instant action.

In bringing this action, the Plaintiff attempted to serve the Program by having a copy of the Complaint served on Ms. Joann Krause, an employee of Southern Connecticut Pain Center, P.C., located at 965 White Plains Road in Trumbull, Connecticut. While Southern Connecticut Pain Center, P.C. is an affiliate of Bridgeport Anesthesia Associates, P.C., Ms. Krause has no responsibilities in connection with the Program, works in a different physical location than the Program and, most importantly, she is not an individual vested with the statutory authority to accept service of process on behalf of the Program.

### IV. STATEMENT OF UNDISPUTED FACTS

Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. The plaintiff enrolled in the Southern Connecticut State University and Bridgeport Hospital Nurse Anesthesia Program ("the Program") in May 1999.

2. The plaintiff successfully completed the academic portion of the Program and was awarded a Masters in Science degree in Biology from SCSU on May 25, 2001.

3. The plaintiff did not complete the clinical portion of the Program.

4. On December 11, 2001, Mr. Johnson was dismissed from the Program.

### V. CASE MANAGEMENT PLAN

#### A. Standing Order on Scheduling in Civil Cases

The parties request a modification of the deadline as discussed below.

#### B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

#### C. Early Settlement Conference

1. The plaintiff and defendant BHSNA certify that they considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice and believe that settlement may be enhanced by referral to a Magistrate Judge for a settlement conference before discovery has concluded. The defendant SCSU does not join in this position or belief.

2. The parties request a settlement conference upon completion of discovery.

3. The parties prefer a settlement conference with a magistrate judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

## IV.   STATEMENT OF UNDISPUTED FACTS

Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. The plaintiff enrolled in the Southern Connecticut State University and Bridgeport Hospital Nurse Anesthesia Program ("the Program") in May 1999.

2. The plaintiff successfully completed the academic portion of the Program and was awarded a Masters in Science degree in Biology from SCSU on May 25, 2001.

3. The plaintiff did not complete the clinical portion of the Program

4. On December 11, 2001, Mr. Johnson was dismissed from the Program.

## V.   CASE MANAGEMENT PLAN

### A.   Standing Order on Scheduling in Civil Cases

The parties request a modification of the deadline as discussed below.

### B.   Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### C.   Early Settlement Conference

1. The plaintiff and defendant BHSNA certify that they considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice and believe that settlement may be enhanced by referral to a Magistrate Judge for a settlement conference before discovery has concluded. The defendant SCSU does not join in this position or belief.

2. The parties request a settlement conference upon completion of discovery.

3. The parties prefer a settlement conference with a magistrate judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D. **Joinder of Parties and Amendment of Pleadings**

Plaintiff should be allowed until December 31, 2003, to join additional parties and until January 15, 2004, to amend the pleadings.

Defendants should be allowed until December 31, 2003, to join additional parties and until January 15, 2004, to amend the pleadings.

E. **Discovery**

1. Discovery will be needed on the following subjects: the facts and circumstances supporting Plaintiff's claims, the extent of Plaintiff's alleged damages, and the facts and circumstances supporting Defendants' defenses.

2. All discovery, including depositions of expert witnesses pursuant to Fed. Civ. 26(b)(4), will be completed by June 1, 2004.

3. Discovery will not be conducted in phases.

4. Not applicable.

5. The Plaintiff anticipates that it will require a total of up to five depositions of fact witnesses, Defendant Southern Connecticut State University will require a total of up to five depositions of fact witnesses, and Defendant Bridgeport Hospital School of Nurse Anesthesia will require a total of up to five depositions of fact witnesses. The depositions will commence upon entry of this court's order and be completed by June 1, 2004.

6. The parties will not request permission to serve more than twenty-five (25) interrogatories.

7. Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by March 1, 2004. Depositions of any such experts will be completed by June 1, 2004.

8. Defendants may call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R.

5

Civ. P. 26(a)(2) by July 1, 2004. Depositions of such experts will be completed by September 1, 2004.

    9.    A damage analysis will be provided by any party who has a claim or counterclaim for damages by February 1, 2004.

    10.    Initial disclosures, as required by the federal rules of civil procedures, have been filed by the plaintiff; the defendants shall be due by January 1, 2004.

### F.    Dispositive Motions

Dispositive motions will be filed on or before October 15, 2004.

### G.    Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil cases will be filed by November 15, 2004 or, in the event that a party files a dispositive motion, within 40 days of a ruling entered upon any dispositive motions filed.

## VI.    TRIAL READINESS

The case will be ready for trial by December, 2004 or, in the event that a party files a dispositive motion, within 90 days following entry of an order determining any dispositive motions filed.

12/17/2003 WED 13:49 FAX ☒002/002

Dec 17 03 02:18p
DEC-17-2003 10:34   COHEN&WOLF                    2033357501   P.02/02
Deo 16 03 03:55p                                                 P.9
                                                                 P.

Case 3:02-cv-02065-CFD   Document 29   Filed 12/19/2003   Page 8 of 8

PLAINTIFF,
JAMES JOHNSON

By _____   Date: 12/17/03
Tanya Wolanic (CT 24252)
Gary Phelan (CT 03670)
Gary Phelan, L.L.C.
433 South Main Street Suite 117
West Hartford CT 06110
(860) 313-5005
(860) 313-5350 (fax)


DEFENDANT,
SOUTHERN CONNECTICUT STATE UNIVERSITY

By _____   Date: 12-17-03
Edward F. Osswalt (CT 15252)
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
(860) 808-5340
(860) 808-5383 (fax)


DEFENDANT,
BRIDGEPORT HOSPITAL SCHOOL OF NURSE ANESTHESIA

By _____   Date: 12-17-03
Stuart M. Katz (CT 12088)
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
(203) 368-0211
(203) 394-9901 (fax)

7